UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| HARRISON SHAW, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 1:25-CV-238-HAB-ALT |
| ) | |
| CNS NETWORKS LLC, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court for an Order on the Magistrate Judge's Report and Recommendation ("R&R") in which the Magistrate Judge recommends the Court allow Plaintiff Harrison Shaw, Jr. fifteen days from the adoption of the R&R to file a second amended complaint. (ECF No. 38). The parties were advised of the 14-day objection period under Fed. R. Civ. P. 72(b). That deadline has passed without any objections filed by the parties.

Shaw, proceeding *pro se*, filed his first amended complaint against Defendant CNS Networks LLC on July 28, 2025, alleging violations of Title VII of the Civil Right Act of 1964. (ECF No. 22). CNS Networks filed a motion to dismiss the amended complaint on August 1, 2025. (ECF No. 24). The Court referred this motion to Magistrate Judge Andrew L. Teel for a Report and Recommendation (ECF No. 37). In his R&R, Magistrate Judge Teel concluded that CNS Networks' motion addressed drafting issues rather than the merits of the claim, and recommended, therefore, that Shaw be allowed to amend his complaint. R&R at 1-2. Neither party objected.

"If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). As recounted above, the parties have not objected to the recommended disposition of the

case. The Court has reviewed the Magistrate Judge's R&R. The Magistrate Judge engaged in a thorough discussion of the relevant law, and the Court finds that the R&R is not clearly erroneous and is amply supported by the record. The Court agrees that allowing Shaw to amend his complaint is appropriate here. Accordingly, the Court adopts the Magistrate Judge's recommendations. (ECF no. 38)

On January 15, 2026, before the R&R was adopted, Shaw filed his second amended complaint. (ECF No. 41). A plaintiff may file an amended complaint once as a matter of course within 21 days after serving the initial complaint or within 21 days after service of either a responsive pleading or a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a). In all other cases, a plaintiff may file an amended complaint only with the opposing party's written consent or the court's leave. *Id.* Here, because plaintiff had already amended once as of right (ECF No. 22) and he had not received leave of court to file his second amended complaint, his second amended complaint was an impermissible attempt at amendment. While the Court acknowledges that the R&R recommended the Court grant such leave, leave could not be granted until the R&R was adopted by this Court. Therefore, the amended complaint was impermissible at the time filed but, given the Court's acceptance of the R & R, it is permissible now. Accordingly, the Court directs the clerk to strike the amended complaint (ECF No. 41) and directs the Court to re-docket the amended complaint as of the date of entry of this Order. Once the amended complaint is re-docketed, it will be considered the operative complaint, and the pending motion to dismiss (ECF No. 24) will be dismissed as moot.

SO ORDERED on January 28, 2026.

s/ Holly A. Brady\
CHIEF JUDGE HOLLY A. BRADY\
UNITED STATES DISTRICT COURT